## JOHN T. REDD *v.* JOHN T. BROWN.

JUSTICE OF THE PEACE. *Jurisdiction. Endorser.* Under the Code, sec. 4123, sub-sec. 2, justices of the peace had jurisdiction of endorsements. of negotiable paper, on which demand and notice were not waived,. to the extent of $250.

### FROM GILES.

Appeal from the Chancery Court at Pulaski. W.. S. FLEMING, Ch.

JOHN S. WILKES for complainant.

N. SMITHSON for defendant.

COOPER, J., delivered the opinion of the court.

Bill filed to perpetually enjoin the collection of a judgment recovered by the defendant against the complainant before a justice of the peace. The chancellor dismissed the bill on final hearing, and gave judgment in favor of the defendant against the complainant and his sureties on the injunction bond. The complainant appealed.

The bill sought to impeach the judgment on several grounds, but it is conceded by complainant's counsel that the only question before the court is, whether a justice of the peace had, at the rendition of the judgment, jurisdiction to render a judgment against the endorser of a promissory note for an amount over

fifty dollars, where demand and notice were not expressly waived.

The judgment in controversy was rendered on the 18th of June, 1864, for $92.58, and the defendant, in his answer, admits that the recovery was had on the endorsement of the complainant, which did not expressly waive demand and notice.

The jurisdiction of justices of the peace was, in June, 1864, regulated by the Code, sec. 4123, sub-secs. 1 and 2, and extended—"1. To five hundred dollars upon all notes of hand indiscriminately, whether calling for dollars and cents simply, or for an amount to be discharged in other means than money, or for an amount of any article or multiplicity of articles whatever, and upon endorsements of negotiable paper when demand and notice are expressly waived in the endorsement. 2. To all unsettled accounts, obligations, contracts, or other evidences of debt not embraced in the preceding section, when the amount claimed does not exceed two hundred and fifty dollars."

The first of these sub-sections gives a justice jurisdiction to the extent of $500 on all notes of hand indiscriminately, and upon endorsements of negotiable paper when demand and notice are expressly waived in the endorsement. The second sub-section confers jurisdiction to the amount of $250 over all unsettled accounts, contracts, "or other evidences of debt not embraced in the preceding section."

Broader language to give the restricted jurisdiction over all contracts and forms of indebtedness could scarcely be used. An endorsement of a negotiable

note is both a contract and an evidence of debt, and such an endorsement, expressly waiving demand and notice, having been mentioned in the preceding section, an endorsement without such waiver would naturally be included in the second sub-section. And if the latter does not confer jurisdiction over such endorsements, then justices have no jurisdiction thereof to any amount. The decisions of this court previous to the Code turn upon the peculiar wordings of the pre-existing statutes which were repealed ʿby the Code.

There is no error in the decree, and it will be affirmed with costs.